J-S34024-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RYSHAWN CRAWFORD | : | |
| | : | |
| Appellant | : | No. 445 WDA 2022 |

Appeal from the Judgment of Sentence Entered October 28, 2019
In the Court of Common Pleas of Indiana County
Criminal Division at CP-32-CR-0000282-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RYSHAWN CRAWFORD | : | |
| | : | |
| Appellant | : | No. 448 WDA 2022 |

Appeal from the PCRA Order Entered October 28, 2019
In the Court of Common Pleas of Indiana County
Criminal Division at CP-32-CR-0000280-2019

BEFORE:    DUBOW, J., MURRAY, J., and PELLEGRINI, J.*

MEMORANDUM BY MURRAY, J.:            **FILED: NOVEMBER 14, 2022**

Ryshawn Crawford (Appellant) appeals *nunc pro tunc* from the judgment

of sentence entered following his jury conviction of aggravated assault by

_____

* Retired Senior Judge assigned to the Superior Court.

prisoner at Indiana County Docket Number 280 CRIM 2019 (No. 280).[1]

Appellant also appeals *nunc pro tunc* from the judgment of sentence imposed

after he pled guilty to aggravated assault by prisoner at Docket Number 282

CRIM 2019 (No. 282).[2]  After careful review, quash both appeals.

> The trial court explained:
>
> [Appellant's] conviction at [No. 280] arises from an incident that occurred on or about March 4, 2019, when he was incarcerated at SCI Pine Grove.  According to the Affidavit of Probable Cause, when Corrections Officer Marc Mandichak [(Officer Mandichak)] collected [Appellant's] food tray, [Appellant] shoved the tray and threw a cup of urine on him….
>
> ….
>
> [Appellant's] conviction at [No. 282] arises from an incident on or about February 8, 2019, while he was incarcerated at SCI Pine Grove.  According to the Affidavit of Probable Cause, [Appellant] allegedly spat on Corrections Officer Ronald Snyder [(Officer Snyder)]….

Trial Court Opinion, 12/15/20, at 1-2, 5.

At No. 280, trial was held on August 5, 2019, and a jury convicted

Appellant of aggravated harassment by prisoner as a third-degree felony.  On

August 9, 2019, Appellant pled guilty to aggravated assault by prisoner at No.

282.  On October 28, 2019, the trial court sentenced Appellant at both docket

---

[1] **See** 18 Pa.C.S.A. § 2703.1.

[2] **See** 18 Pa.C.S.A. § 2703.1.  At both docket numbers, the Post Conviction Relief Act (PCRA) court, **see** 42 Pa.C.S.A. §§ 9541-9546, reinstated Appellant's direct appeal rights, *nunc pro tunc*.  We consolidated the appeals for review.  Order, 5/10/22.

numbers. At No. 280, the trial court sentenced Appellant to 27 months - 5 years in prison. For Appellant's guilty plea at No. 282, the trial court sentenced Appellant to 21 months - five years in prison, to be served consecutive to his sentence at No. 280, and consecutive to a previous Delaware County sentence for robbery.

Appellant did not file timely post-sentence motions. On November 25, 2019, Appellant filed motions for leave to file *nunc pro tunc* post-sentence motions at both docket numbers. The trial court granted Appellant's motions, and directed Appellant to file post-sentence motions within 30 days. Trial Court Order, 11/26/19. On December 30, 2019, Appellant filed post-sentence motions. After several continuances, the trial court conducted a hearing on Appellant's post-sentence motions on August 17, 2020. On December 15, 2020, the trial court denied the motions, and Appellant filed notices of appeal. Trial Court Opinion and Order, 12/15/20. On April 28, 2021, this Court quashed the appeals **because Appellant failed to file timely post-sentence motions at each docket number**. *Commonwealth v. Crawford*, Nos. 106 & 107 WDA 2021 (Pa. Super. filed April 28, 2021) (orders).

On May 3, 2021, Appellant filed motions to reinstate his right to file post-sentence motions at each docket number. The trial court denied the motions on August 26, 2021. Trial Court Order (Nos. 280 & 282), 8/26/21.

On October 8, 2021, Appellant filed PCRA petitions at both docket numbers. The PCRA court appointed counsel, who filed amended petitions on Appellant's behalf. Amended PCRA Petitions, 10/28/21. After an evidentiary hearing, the PCRA court reinstated Appellant's direct appeal rights, *nunc pro tunc*. PCRA Court Orders (Nos. 280 & 282), 4/7/22. Appellant filed separate notices of appeal at each docket number. Appellant and the trial court have complied with Pa.R.A.P. 1925.

Before addressing Appellant's issues, we consider our jurisdiction over these *nunc pro tunc* direct appeals. Appellant did not timely file post-sentence motions to his October 28, 2019, judgment of sentence. **See Commonwealth v. Crawford**, Nos. 106 & 107 WDA 2021 (Pa. Super. filed April 28, 2021) (orders) (concluding Appellant's post-sentence motions and subsequent appeals were untimely filed and quashing his direct appeals). As a result, Appellant's judgment of sentence became final on November 27, 2019, 30 days after his October 28, 2019, judgment of sentence. **See** Pa.R.Crim.P. 720(A)(3) ("If the defendant does not file a timely post-sentence motion, the defendant's notice of appeal shall be filed within 30 days of imposition of sentence").

A PCRA petition, including a second or subsequent petition, must be filed within one year of the date that the petitioner's judgment becomes final. **See** 42 Pa.C.S.A. § 9545(b)(1). "The timeliness requirements of the PCRA are jurisdictional in nature, and courts cannot address the merits of an

untimely petition." ***Commonwealth v. Moore***, 247 A.3d 990, 998 (Pa. 2021).

Because Appellant's judgment of sentence became final on November 27, 2019, he was required to file his PCRA petition on or before November 27, 2020. ***See id.*** As November 27, 2020, fell on a court holiday, Appellant had to file his petition by Monday, November 30, 2020. ***See*** 1 Pa.C.S.A. § 1908 ("Whenever the last day of any such period shall fall on … any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation.").

Appellant's PCRA petition, filed October 8, 2021, was untimely. A petitioner may establish an exception to the timeliness requirement by pleading and proving (i) interference by government officials; (ii) newly discovered facts; or (iii) a newly recognized constitutional right. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). However, the Appellant did not plead or prove an exception. The PCRA court thus lacked jurisdiction to reinstate Appellant's direct appeal rights, *nunc pro tunc*, and this Court lacks jurisdiction over Appellant's *nunc pro tunc* appeal. ***See Moore***, 247 A.3d at 998.

Consequently, we are constrained to quash the consolidated appeals.

Appeals quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/14/2022